IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

**WALTER R. WINFREE, III**

                             **Plaintiff,**

**V.**                             Civil Action No.: 3:23-cv-05

**ERIC S. GIBSON,**

And

**E.S. GIBSON,**

                             **Defendants.**

## COMPLAINT

COMES NOW the plaintiff Walter R. Winfree, III ("Winfree"), by counsel, for his Complaint seeking judgment against the defendants, jointly and severally, in this case, states as follows:

### Jurisdiction and Venue

1. Winfree brings this action pursuant to 42 U.S.C. §1983 and §1988 giving this Court federal question jurisdiction pursuant to 28 U.S.C. §1331 and §1343(a). Pursuant to 28 U.S.C. §1367, this Court also has supplemental jurisdiction over plaintiff's common law claims asserted below as they arise out of the same transaction and occurrence that gives rise to the federal question claims such that they form part of the same case or controversy.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391 since all of the actions giving rise to Winfree's claims occurred in Nelson County, Virginia which lies in the Western District of Virginia, Charlottesville Division.

## The Parties

3. At all times relevant to this action, Winfree was a resident of Nelson County, Virginia.

4. At all times relevant to this action, Eric S. Gibson and E.S. Gibson (hereinafter collectively referred to as "Gibson") were individuals and acted under the color of Virginia state laws and statutes as a Deputy Sheriff for Nelson County, Virginia.

5. At all times relevant to this action, Nelson County, Virginia ("Nelson") was a political subdivision of the Commonwealth of Virginia.

## Facts Giving Rise to Cause of Action

6. On June 26, 2019 at approximately 7:25 p.m., Winfree was driving east on Route 250 down Afton Mountain in Nelson County, Virginia when he encountered a small bear cub that had been hit by a car and sustained minor injuries.

7. On that same date, time and place, Winfree exited his vehicle and approached the bear cub and saw that it had sustained minor injuries.

8. Winfree called the Wildlife Center of Virginia's emergency hotline and spoke with and emergency veterinarian to assist the bear cub and render treatment.

9. Several minutes later, Gibson arrived on scene and directed Winfree to leave the roadway and the bear so that Gibson could move the bear off of the road. Winfree asked Gibson not to move the bear until the veterinarian arrive so as to avoid further injury to the bear cub. Gibson refused.

10. Gibson then advised Winfree that Gibson was going to remove the bear from the roadway and kill it.

11. Winfree objected to Gibson killing the bear and demanded that Gibson not kill the bear.

12. Gibson then demanded that Winfree leave the bear cub and Winfree refused to leave, knowing that Gibson intended to kill the bear cub.

13. When Gibson saw that Gibson would not leave the side of the bear cub, Gibson suddenly and without provocation violently grabbed Winfree, dragged him across the roadway and then took Winfree to the ground thereby causing serious bodily injury to Winfree's left shoulder and arm.

14. At the time of the encounter, Winfree was 72 years old, stood 5 feet and six inches tall and weighed approximately 170 pounds.

15. During the entire encounter with Gibson, Winfree was alone and unarmed.

16. During the entire encounter with Gibson, Winfree never made a verbal threat of violence to Gibson or anyone else.

17. During the entire encounter with Gibson, Winfree never physically punched, pushed, kicked or hit Gibson or anyone else.

18. During the entire interaction between Winfree and Gibson, Winfree aggressively towards Gibson nor did Winfree act in a manner that posed a threat to the safety of Gibson or to anyone else. Accordingly, Gibson was not permitted to use such a level of force on Winfree.

19. At all times relevant to this action, Hill acted under the color of state law (Virginia).

20. At all times relevant to this action, Gibson acted with a reckless and callous indifference to the Winfree's federally protected right to be free from unreasonably seizures and guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

### Count I   (GIBSON-42 U.S.C. §1983; §1988—Unlawful Seizure by Excessive Force in Violation of the Fourth and Fourteenth Amendments)

21. Winfree hereby incorporates by reference paragraphs 1-20 of the Complaint.

22. At all times relevant to this action, Winfree had a clearly stablished right under the Fourth and Fourteenth Amendments to the Constitution of the United States to be free from seizures effectuated through the use of excessive force by persons acting under the color of state law. See Smith v. Ray, 781 F.3d 95, 100 (4th Cir. 2015) and Rowland v. Perry, 41 F.3d 167 (4th Cir. 1994).

23. Through his actions, Gibson, while acting under the color of state law and statutes, unlawfully seized Winfree in that he employed excessive force by violently grabbing and dragging Winfree, violently wrenching Winfree's shoulder and then violently throwing Winfree to the ground in violation of Winfree's rights under the Fourth and Fourteenth Amendments and 42 U.S.C. §1983.

24. As a direct and proximate result of the unlawful seizure and excessive force used by Gibson, Winfree suffered bodily injuries including a severe and permanent injuries to his shoulder, bodily bruising, and great pain and suffering of mind and body.

25. As a direct and proximate result of the unlawful seizure and excessive force used by Gibson, incurred medical bills in an attempt to be cured of his injuries.

26. At all times relevant to this action, Gibson acted with a reckless and callous indifference as to Winfree's right to be free from unreasonable seizure pursuant to the Fourth Amendment and Fourteenth Amendment.

## Count II  (State Law Battery)

27. Winfree hereby incorporates by reference paragraphs 1-20 of the Complaint.

28. Gibson unlawfully battered Winfree while he was unarmed and not engaged in any activity suggesting that he was a threat to Gibson or to anyone else. (See Gnadt v. Commonwealth, 27 Va. App. 148 (1998)).

29. The actions taken by Gibson towards Winfree were intentional and designed to physically harm Winfree.

30. The violent touching of Winfree by Gibson was without Winfree's consent, without excuse and without legal justification.

31. As a direct and proximate result of the unlawful battery of Winfree by the defendants, Winfree suffered bodily injuries as well as great pain and suffering of mind and body, and also incurred medical bills in an attempt to be cured of his injuries.

## Demand for Trial by Jury

32. Winfree hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## Relief Sought

Winfree moves this Honorable Court to enter judgment in his favor against the defendants, jointly and severally, and to award the following relief:

A. Compensatory damages in the amount of $750,000.00;

B. Punitive damages in the amount of $350,000.00;

C. An award of plaintiff's attorney's fees and costs, including expert witness fees, incurred herein pursuant to 42 U.S.C. §1988 and 42 U.S.C. §1983.

**WALTER R. WINFREE, III**

**/S/ W. Barry Montgomery**
W. Barry Montgomery, Esq. (VSB#43042)
KPM Law
901 Moorefield Park Dr., Suite 200
Richmond, VA 23236
Tel: (804) 320-6300   Fax: (804) 320-6312
Barry.montgomery@kpmlaw.com
Counsel for Plaintiff